

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

---

*100 South Clinton Street, P.O. Box 7198*  *Tel.: (315) 448-0672*
*James M. Hanley Federal Building*  *Fax: (315) 448-0658*
*Syracuse, New York 13261-7198*

April 18, 2025

**Via CM/ECF**

Hon. Brenda K. Sannes
Chief U.S. District Judge
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse, New York 13261-7336

    Re:    *United States v. Jonas Morales-Lopez*, 5:25-CR-94 (BKS)

Dear Chief Judge Sannes:

    Through this letter motion, the Government respectfully seeks a brief adjournment of the trial in the above-referenced criminal case, currently set to begin on May 12, 2025. Dkt. 19.

**Relevant Procedural History**

    On February 28, 2025, the Defendant, Jonas Morales-Lopez, was charged in a criminal complaint with illegal reentry, in violation of 8 U.S.C. § 1326(a). Dkt. 1. Following a detention hearing, United States Magistrate Judge Thérèse Wiley Dancks ordered the Defendant detained pending trial. Dkt. 7. On March 12, 2025, a federal grand jury sitting in this district returned an indictment charging the Defendant with one count of illegal reentry, in violation of 8 U.S.C. § 1326(a). Dkt. 13. On March 13, 2025, through counsel, the Defendant filed a waiver of personal appearance at arraignment on the indictment and entered a plea of not guilty. Dkt. 17. The following day, United States Magistrate Judge Miroslav Lovric accepted that waiver and issued a Criminal Pretrial Scheduling Order setting the trial date for May 12, 2025. Dkt. 18, 19. That same day, March 14, 2025, the Defendant filed a notice of appeal of the detention order. Dkt. 21. That appeal is now fully briefed and is awaiting decision by this Court. *See* Dkt. 22, 27. On April 11, 2025, the Defendant filed a motion to suppress evidence. Dkt. 23. This Court subsequently granted the Defendant's request for an expedited briefing schedule and ordered the Government to respond to the suppression motion no later than April 25, 2025, and for the Defendant to file a reply brief no later than April 29, 2025. Dkt. 26.

Letter to Hon. Brenda K. Sannes
*United States v. Morales-Lopez*
5:25-CR-94 (BKS)
April 18, 2025
Page 2

**<u>Speedy Trial Clock</u>**

Pursuant to the Speedy Trial Act, the Defendant's criminal trial must be held within 70 days of the Defendant's appearance on the Indictment. 18 U.S.C. § 3161(c)(1). However, a "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," including a period not exceeding thirty days when "any proceeding concerning the defendant is actually under advisement by the court" is "excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h)(1)(D), (H). The Defendant's appeal of the detention order operates as a pretrial motion, *see United States v. Williams*, No. 1:21-mj-00750, 2021 WL 3860511, at *1 (D. N.M. Aug. 30, 2021) (unpublished), so the Speedy Trial clock has been tolled since March 14, 2025. Due to the pending suppression motion, the Speedy Trial clock will remain tolled through at least April 29, 2025, the date that motion will be fully briefed. It will then continue to be tolled until this Court resolves the motion (up to a maximum of thirty days after all briefs are filed or an evidentiary hearing is held, whichever is later). Even if this Court resolves the detention appeal and the suppression motion on April 29, 2025, the date the final brief is due on the suppression hearing, there would still be 68 days left on the Speedy Trial clock at that point such that the trial would need to commence no later than July 7, 2025.[1]

**<u>Adjournment of Trial Date</u>**

The Government respectfully seeks a brief adjournment of the trial date – and for the trial to commence at some point between June 2, 2025, and June 23, 2025 – for the following reasons:

1. The Government requires additional time to prepare for trial. Among other things, the Government is still waiting for additional information concerning a fingerprint analysis it intends to rely upon to establish Defendant's prior removal from the United States (an essential element of the offense), which is necessary for the Government to make expert disclosures.[2] The Government is also working to identify relevant law enforcement witnesses and to obtain certified copies of documents in the Defendant's A-file so they can be introduced at trial without

---

[1] July 7, 2025 would be the first weekday that is not a federal holiday following the expiration of the 68-day Speedy Trial clock, if the clock begins running again after the suppression hearing is fully briefed.

[2] The Government has promptly produced discovery to the Defendant, through counsel, including the FBI laboratory documents.

Letter to Hon. Brenda K. Sannes
*United States v. Morales-Lopez*
5:25-CR-94 (BKS)
April 18, 2025
Page 3

records custodians. The Government has also learned that one of its anticipated expert witnesses from the FBI lab who performed fingerprint analysis is unavailable on May 12-13, 2025.[3]

Granting this adjournment request does not require an exclusion of time under the Speedy Trial Act, and no such exclusions have been sought or ordered in this case. Because there are 68 days remaining on the Speedy Trial Act, adjourning the trial to June 2025 will not affect the rights of the Defendant and the public to a prompt and speedy trial in this case.

Government counsel has consulted with the Defendant's counsel about this motion, who confirmed the Defendant opposes it. However, the Defendant does not have a right to the earliest possible trial date within the applicable 70-day period contemplated by the Speedy Trial Act. While the Government may be prejudiced by the lack of a delay because of its need for additional time to prepare for trial, the Defendant will not suffer actionable prejudice from a new trial date that remains within the time limit appointed by Congress.

2.   A delay is also necessary because of recently circulated statements and publications substantially likely to have the effect of interfering with a fair trial or otherwise prejudicing the administration of justice. Specifically, on April 17, 2025, Syracuse.com[4] published an article addressing recent immigration-related arrests in the greater Syracuse area. *See* Ex. 1. Among other criminal cases, the article discusses this case, and it contains a link to body worn camera footage produced by the Government to defense counsel in discovery. *Id.* The video, which depicts the Defendant's February 28, 2025 encounter with federal agents and his arrest, and which is the subject of a pending suppression motion filed by the Defendant, Dkt. No. 21, has also been posted on the Syracuse.com dedicated YouTube channel, which boasts over 147,000 subscribers and is available to nonsubscribers as well. *See*

---

[3] Not all Government witnesses have been identified yet, so the Government cannot account for all possible scheduling conflicts at this time.

[4] Syracuse.com is the digital counterpart to The Post-Standard newspaper, and it is a leading news site in Central New York. Indeed, Syracuse.com has been previously ranked as "the No. 1 newspaper website in the nation in terms of market penetration," after a research firm study announced in 2015 "found that "26 percent of adults in the Syracuse designated market area visited Syracuse.com" during a seven-day period. *See* Moriarty, Rick, "Syracuse.com ranked America's #1 newspaper website again," Jan 22, 2015, available at *https://www.syracuse.com/news/2015/01/syracusecom_ranked_americas_1_newspaper_website_again.html* (last visited April 18, 2025).

Letter to Hon. Brenda K. Sannes
*United States v. Morales-Lopez*
5:25-CR-94 (BKS)
April 18, 2025
Page 4

https://www.youtube.com/watch?v=9SklTS7G2xQ (last visited Apr. 18, 2025).[5] Syracuse.com appended the following text to the end of the video: "Video courtesy Federal Public Defender's Office." *See* Ex. 2.[6] The body cam video has been viewed more than 2,400 times on Syracuse.com since it was posted yesterday. *Id.* In the accompanying article, defense counsel is both quoted and paraphrased about the Defendant's arrest and pending case:

> [The Defendant's Assistant Federal Public Defender] said the man was driving someone else's car and there was no way agents had time to run his background before handcuffing him and taking him away.
>
> "My gut feeling based on how many times this is happening in Fulton and Oswego," she said, "I'm wondering if they're just seeing cars being driven by people with a brown skin tone and they are just kind of going for it."
>
> \* \* \* \*
>
> Hundreds of pages of documents provided to public defenders do not show any reason he was followed or a warrant for his arrest, his public defender said.

Ex. 1. at 12, 19.

To be clear, there is no sealing order in this case governing the material produced by the Government in discovery. However, this Court's Local Criminal Rules address the public dissemination of information and opinions about pending criminal cases by counsel:

> It is the duty of the lawyer or law firm . . . and government agents and police officers, not to release or authorize the release of non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication, in

---

[5] Subscribing to a YouTube channel does not cost money and is a way for internet users to express interest the content of specific channels and to receive updates about new videos posted on those channels.

[6] Ex. 2 is a screenshot of the video posted at https://www.youtube.com/watch?v=9SklTS7G2xQ, at 3:20. The Government acknowledges that Exhibit A to the Defendant's pending motion to suppress is this same body cam footage, but the footage itself was sent to the Court via MFT and is not available on the public PACER docket, *see* Dkt. 25, and undersigned counsel is not aware that the footage was publicly available prior to its being published on Syracuse.com.

Letter to Hon. Brenda K. Sannes
*United States v. Morales-Lopez*
5:25-CR-94 (BKS)
April 18, 2025
Page 5

> connection with pending or imminent criminal litigation with which they are associated if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

L.R. Cr. P. 23.1(a). The rules further identify categories of public statements that "presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of this Rule." L.R. Cr. P. 23.1(d). These include "[i]nformation the lawyer or law firm knows is likely to be inadmissible at trial and would, if disclosed, create a substantial likelihood of prejudicing an impartial trial," and "[a]ny opinion about the accused's guilt or innocence or about the merits of the case or the evidence in the case." L.R. Cr. P. 23.1(d)(6), (7). These local rules do not depend on a case-specific sealing order.

Here, defense counsel has publicly suggested that law enforcement officers involved in this case engaged in racial profiling with respect to the Defendant and others, and she offered opinions about the scope and efficacy of the discovery and the evidence in this case, currently scheduled for trial in less than a month, including about evidence (such as the body cam footage) the Defendant is actively trying to suppress. Dkt. 21. These statements and the corresponding attention drawn to the body cam footage, which has been disseminated broadly and will continue to remain available to the public on sites frequently accessed by Central New York residents and others, are unfairly prejudicial to the Government because they serve no apparent purpose other than influencing the jury pool – exactly what the local rules seem designed to prohibit.

On a motion from either party or on its own motion, this Court may "issue a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the accused to a fair trial by an impartial jury . . . and any other matters which the Court may deem appropriate for inclusion in such order." L.R. Cr. P. 23.1(g). However, this Court must also consider whether "less extreme available remedies, singly or collectively, are not feasible or would not effectively mitigate the pretrial publicity and bring about a fair trial." *Id.* Such remedies include "change of venue, postponing the trial, a searching *voir dire*, emphatic jury instructions, and sequestration of jurors." *Id.* The Government is not requesting a "special order" to address extrajudicial statements, as the Government believes that the local rules themselves are sufficiently detailed and robust, when followed. However, without prejudice to the Government's moving before trial for a searching *voir dire* and/or a specific jury instruction, the recent publicity supports the other valid reasons for the brief trial adjournment sought by the Government. The farther out the trial is held, the less likely that members of the jury pool will remember defense counsel's comments or what is depicted on the video or connect either of those to the Defendant's case.

Letter to Hon. Brenda K. Sannes
*United States v. Morales-Lopez*
5:25-CR-94 (BKS)
April 18, 2025
Page 6

### **Conclusion**

For the reasons described above and because the Defendant's rights under the Speedy Trial Act will not be impacted, the Government respectfully requests a brief adjournment of the trial date in this case and asks that the Court schedule the trial to begin on June 2, 9, or 23, 2025.[7] In the alternative, the Government asks the Court to adjourn the trial without date pending a decision on the motion to suppress, at which time (if necessary) a firm trial date can be scheduled. For planning purposes, the Government expects its case-in-chief to last no more than 1.5 trial days, not counting jury selection and opening statements.

Respectfully submitted,

JOHN A. SARCONE III
United States Attorney

By: /s/ Michael F. Perry

Michael F. Perry
Assistant United States Attorney
Bar Roll No. 518952

Enclosures

cc:   All counsel of record (via CM/ECF)

---

[7] One of the Government's expected expert witnesses is scheduled to testify in another trial in a different state the week of June 16, 2025. Government counsel is unavailable the weeks of June 30, July 4, and July 14, 2025.