# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# FOR THE NORTHERN DISTRICT OF NEW YORK



Syracuse Office

4 Clinton Square
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

Albany Office

54 State St.
3RD FLOOR
ALBANY, NY 12207
(518) 436-1850
(518) 436-1780 FAX

April 21, 2025

Hon. Brenda K. Sannes
Chief United States District Judge
James M. Hanley Federal Courthouse
100 S. Clinton St.
Syracuse, NY 13261

                **RE:**    **United States v. Jonas Morales Lopez**
                           **Case No.: 25-CR-00094 (BKS)**

Dear Chief Judge Sannes:

    I am writing to reply to the Government's letter request for an adjournment of the trial in this matter currently scheduled for May 12, 2025, and to respectfully request that their request be denied. Through its letter, the Government requests an adjournment of the trial date for two reasons- first, because the Government needs additional time to prepare for trial, and second, because the Government believes it will not get a fair trial due to recent news coverage of this case. I will address both arguments in kind.

                                **1. The Government's need for additional time to prepare for trial**

        The Government's first request for an adjournment relates to their need for additional time to prepare. In their request, the Government notes that not all Government witnesses have been identified, and that one witness is unavailable from May 12-13, 2025. The Government does not explain why some Government witnesses have yet to be identified, how many have yet to be identified, or how long it would take to identify them. Mr. Morales Lopez was arrested and charged by criminal complaint on February 28, 2025, and indicted on March 12, 2025. The Government has had nearly two months to identify Government witnesses and has known about the May 12th trial date since March 14th.

        The Government asserts that an adjournment to a date in June 2025 would not fall outside of the time limits proscribed by Congress in the Speedy Trial Act and provides in its letter request a proposed calculation of excluded time in this case. The Government asserts that Mr. Morales Lopez's appeal of his detention decision is a "pretrial motion" within the meaning of 18

U.S.C. §3161(h)(1)(D). To support this assertion, the Government relies on an unpublished case from the District of New Mexico. The difference between a detention appeal such as the one filed in this case, and a pretrial motion as contemplated by §3161(h)(1)(D) is that the appeal of the detention order does not relate to the conduct that occurs at a trial. There is no requirement that this Court dispose of an appeal of a detention order prior to trial, and the trial logistically could go forward while the appeal remained pending. The same cannot be said of other pretrial motions, like a motion to suppress or a motion to sever. The trial cannot start without those motions being resolved, which is why the Speedy Trial Clock is stopped while those motions are pending. Since the appeal of a detention decision has no effect on whether or how the trial will proceed, there is no accompanying tolling of speedy trial time.

The time between the filing of Mr. Morales Lopez's waiver of appearance at arraignment and the filing of his motion to suppress is not excluded under §3161(h)(1)(D), which would mean the Speedy Trial clock was still running until April 11, 2025 when the motion to suppress was filed. This would *not* leave 68 days left on the Speedy Trial Clock, contrary to the Government's assertion.

The Government further asserts that Mr. Morales Lopez will "not suffer actionable prejudice from a new trial date that remains within the time limit appointed by Congress." The prejudice Mr. Morales Lopez suffers from a new trial date stems from the fact that he is incarcerated pending trial. He has been incarcerated since February 28, 2025, and an additional month of incarceration is prejudicial to him regardless of whether the new trial date is in the time prescribed by Congress. This is especially so because there are serious evidentiary issues in this case. Any amount of time for an adjournment is prejudicial to Mr. Morales Lopez as he sits in a jail cell awaiting trial following an illegal arrest.

## 2. The Government's fair trial concerns

The Government further asks this Court to adjourn Mr. Morales Lopez's trial due because of an article that appeared on Syracuse.com. That article contained a link to the body camera footage in this case and statements made by defense counsel. The Government cites Local Rule of Criminal Procedure 23.1, which deals with public dissemination of information about pending court cases by counsel. The rule prohibits dissemination of "non-public" information and "opinion" if there is "a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice about the accused's guilt or innocence or about the merits of the case or the evidence in the case." The rule contains several categories of information that are presumed to interfere with a fair trial. The local rule does not support delaying the trial date here for two reasons.

First, the body camera footage and defense counsel's statements are not "non-public" within the meaning of Local Rule 23.1. The body camera footage is an exhibit to the publicly filed motion to suppress. The brief in support of the motion contains quotes and still images from the footage. Further, the body camera footage could be subject to a FOIA request by members of the public. The statements from counsel in the article all reiterate information within the publicly filed motion to suppress. Exhibit A to that motion shows that only seconds passed between an officer approaching the defendant and seizing him, which was not enough time for officers to run

a background check. The memorandum of law states that the discovery provided by the government does not provide any documented basis for the officers approaching the defendant. The question of whether law enforcement's reason for approaching the defendant was racially motivated flows from the lack of any reference in the discovery to a legitimate reason for the encounter. Thus, the Syracuse.com article does not demonstrate the disclosure of any "non-public information."

Second, to the extent that the statements from counsel in the article reflect "opinion," there is not a presumed "substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice about the accused's guilt or innocence or about the merits of the case or the evidence in the case." Such a presumption arises if an attorney disseminates "information the lawyer or law firm knows is likely to be inadmissible at trial." Here, the information disseminated would be admissible at trial. This case will proceed to trial only if the Court denies the pending motion to suppress. If the Court denies the motion to suppress, it will have ruled that the evidence is admissible. Thus, there is no presumed likelihood of interference with a fair trial.

The reality of today's political climate is that immigration cases are on the news all over the country, every day, all day. People are being bombarded with new information about immigration, with new developments daily. The topic is inescapable on social media.  For example, U.S. Border Patrol- Buffalo Sector posts nearly daily photographs of individuals who have been arrested alongside inflammatory language such as, "Our agents are on the frontlines protecting America!"; "Criminals are not welcome here!"; and sometimes describing these individuals as "dangerous criminal[s]." The reality of today's world is that the topic of immigration is at the forefront of the news cycle.  Delaying Mr. Morales Lopez's trial will not stop this reality.

Lastly, the public's access to court filings in this case, and all other criminal cases, serves a tremendously important role in the functioning of democracy. Public oversight of the court system ensures that justice systems function fairly and are accountable to the public. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982) ("Public scrutiny of a criminal trial enhances the quality and safeguards the integrity of the factfinding process, with benefits to both the defendant and to society as a whole."). Both the public and the press have First Amendment right of access to judicial proceedings in criminal cases. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 55, 573 (1980) (holding that "a presumption of openness inheres in the very nature of a criminal trial under our system of justice."). The press and the public remain able to access public filings in this case, and all other criminal cases.

Because any adjournment would prejudice Mr. Morales Lopez by extending the time he is incarcerated, and because neither the body camera footage nor statements by defense counsel fall within the purview of Local Rule of Criminal Procedure 23.1, this Court should deny the Government's request for an adjournment.

Respectfully submitted,

Gabrielle DiBella
Asst. Federal Public Defender

cc:   Michael Perry, AUSA, by ECF
      Jonas Morales Lopez, by mail