UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -v-                                                      CASE NO: 5:25-CR-0094 (BKS)

JONAS MORALES-LOPEZ,
                  Defendant.

---

### I.    STATEMENT OF THE CASE

The one-count superseding indictment charges the defendant with illegal reentry into the United States (8 U.S.C. § 1326(a)). Jury selection is scheduled to commence at the discretion of Chief United States District Court Judge Brenda K. Sannes on June 10, 2025, in Syracuse, New York. Defendant Jonas Morales-Lopez is detained pending trial. A jury trial has not been waived, and the estimated duration of trial is approximately 1-2 days. The government is represented by Michael F. Perry, Assistant United States Attorney. The defendant is represented by Gabrielle DiBella, Assistant Federal Public Defender.

### II.    ANTICIPATED ISSUES AT TRIAL

The defendant anticipates that a large portion of jurors will have strongly held opinions about immigration and immigrants in general, and requests this Court allow defense counsel leeway in attorney voir dire to fully probe jurors' opinions on these issues.[1] A criminal defendant is entitled to a trial "by an impartial jury." U.S. Const. amend. VI. Jury selection is the "primary

---

[1] Defense counsel asks for this leeway in addition to the proposed juror questionnaire that the defendant is asking the Court to send to potential jurors prior to trial. See Dkt. No. 46.

means" of protecting that right and of insuring that the jury is free from prejudice and/or predisposition about the defendant's culpability. *Gomez v. United States*, 490 U.S. 858, 873 (1989). The Second Circuit has recognized three categories of bias that constitute grounds for a challenge for cause: actual bias, presumed bias, and inferable bias. *United States v. Torres*, 128 F.3d 38, 43 (2d Cir. 1997). In each category, the dispositive question is whether the bias involved "would prevent or substantially impair the performance of [the prospective juror's] duties as a juror in accordance with his instructions and his oath." *Adams v. Texas*, 448 U.S. 38, 45 (1980).

Actual bias, or bias in fact, "is based on express proof, e.g., by a *voir dire* admission by the prospective juror of a state of mind prejudicial to a party's interest." *United States v. Haynes*, 398 F.2d 980, 984 (2d Cir. 1968). The defense must be allowed to probe potential jurors' opinions about immigration and immigrants that no juror is seated who has a predisposition about Jonas's culpability in this case.

Inferable bias exists where there is no actual or presumed bias but "when a juror discloses a fact that bespeaks a risk of partiality sufficiently significant to warrant granting the trial judge discretion to excuse the juror for cause." *Torres*, 128 F.3d at 47. A judge's dismissal for inferred bias is discretionary rather than mandatory and must be based on facts developed in the *voir dire*. *Id.* at 47-48. Accordingly, the defense must be allowed leeway during attorney *voir dire* to explore potential jurors' opinions about immigration and immigrants. If such leeway is not granted, there will not be a sufficient development of facts on which to base a ruling regarding the potential jurors' fitness to serve.

|  |  |
|---|---|
| DATED: May 19, 2025 | LISA A. PEEBLES<br>FEDERAL PUBLIC DEFENDER |
| By: | /s/ *Gabrielle DiBella*<br>Gabrielle DiBella<br>Assistant Federal Public Defender<br>Bar Roll No. 700576<br>4 Clinton Square, 3rd Floor<br>Syracuse, New York 13202<br>(315) 701-0080 |

cc: Michael F. Perry, AUSA (by ECF)
     Matt McCrobie, AUSA (by ECF)
     Jonas Morales-Lopez (by mail)